IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,863-01






EX PARTE CHARLES LUGO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-223-K368A IN THE 368
TH DISTRICT COURT


FROM WILLIAMSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of sexual assault of
a child and sentenced to twenty years' imprisonment on each count to be served consecutively. 

 Applicant contends that he was denied his right to appeal. Applicant contends that because the
attorney appointed for his appeal was on vacation when the appointment occurred, he was denied his
opportunity to appeal.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court has made findings of fact, but in order to properly dispose of Applicant's allegations,
more findings are needed. The trial court found that Applicant failed to request an appeal from his trial
counsel within 30 days of the adjudication hearing. The trial court shall make findings of fact as to when
Applicant requested an appeal from the trial court. The trial court shall make findings as to how Applicant
was appointed appellate counsel. If the trial court finds that Applicant failed to request an appeal from the
trial court in a timely manner, it shall make findings as to why an appellate attorney was appointed to
represent him. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: December 19, 2007


Do not publish